UNITED STATES DISTRCT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE LEWIS WHARF CONDOMINIUM TRUST,<br>    Plaintiffs<br><br>v.<br><br>JANET YELLEN, in her official capacity as the Secretary of the United States Department of the Treasury, UNITED STATES DEPARTMENT OF THE TREASURY, and ANDREA GACKI, in her official capacity as Director of the Financial Crimes Enforcement Network,<br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

The Plaintiffs, the Trustees of the Lewis Wharf Condominium Trust ("Plaintiffs" or "Trustees"), bring this civil action for declaratory and injunctive relief against Janet Yellen, in her official capacity as the Secretary of the United States Department of the Treasury, the United States Department of the Treasury, and Andrea Gacki, in her official capacity as Director of the Financial Crimes Enforcement Network. The Plaintiffs seek a permanent injunction, enjoining the Defendants and any other agency or employee acting on behalf of the Defendants from enforcing any provision of the Corporate Transparency Act ("CTA"), 31 U.S.C. § 5336 against any condominium associations or similar condominium entities.

### JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States and has jurisdiction to render declaratory relief because an "actual controversy" exists between the parties within the meaning of 28 U.S.C. § 2201 and 2202.

2. Venue is proper in this Court under 28 U.S.C. § 1391(e)(3) and Defendants are agencies or officers of the United States sued in their official capacities and the Plaintiffs reside in the District.

## PARTIES

3. The Plaintiffs, the Trustees of the Lewis Wharf Condominium Trust ("Plaintiffs or "Trust"), are the duly elected/appointed members of the Lewis Wharf Condominium Trust under a Declaration of Trust dated October 19, 1973 and recorded with the Suffolk County Registry of Deeds Division of the Land Court (the "Registry") at Book 8672, Page 427.

4. The Condominium Trust serves as the organization of Unit Owners for the Lewis Wharf, a condominium (the "Condominium") established by Master Deed, dated October 19, 1973 and filed with the Suffolk County Registry of Deeds at Book 8672, Page 415. The Condominium is located in Boston, Suffolk County, Massachusetts.

5. The Plaintiffs are the volunteer and unpaid members of the Board of Trustees of the Lewis Wharf Condominium Trust. The Plaintiffs bring this action pursuant to their powers set forth in the By-Laws contained within said Declaration of Trust and pursuant to G.L. c. 183A, s. 10(b)(4).

6. The Defendant United States Department of the Treasury is an executive-branch department of the federal government headquartered in Washington, D.C. responsible for the administration and enforcement of the Corporate Transparency Act, Pub. L. No. 116-283, 134 Stat. 4604, codified at 31 U.S.C. § 5336 (the "CTA" or the "Act"), through the Financial Crimes Enforcement Network ("FinCEN").

7. Defendant Yellen is the Secretary of the United States Treasury and is named as a party in her official capacity.

8. Defendant U.S. Department of the Treasury ("Treasury Department") is a department within the federal executive branch, and it is responsible for overseeing FinCEN's enforcement of the CTA.

9. Defendant Gacki is Director of FinCEN and is named as a party in his official capacity.

10. On or about January 1, 2021, the Corporate Transparency Act ("CTA") was enacted as part of the omnibus National Defense Authorization Act for Fiscal Year 2021.

11. Per a final rule issued by FinCEN implementing the CTA on September 29, 2022, the CTA went into effect on January 1, 2024. 87 Fed. Reg. 59498 (Sept. 30, 2022) (codified at 31 C.F.R. § 1010.380).

12. The purpose of the CTA was to detect and report suspicious activity related to money laundering and terrorist finances, to facilitate tracking money that has been sourced through criminal or terrorist activity to safeguard the national security and financial system of the United States of America.

13. To that end, the CTA requires most small businesses to report extensive personal ownership information to the federal government.

14. The CTA mandates corporations having less than $5 million in gross receipts or sales, fewer than 20 employees, (and don't otherwise meet broad exemptions like bank, credit investment company, venture capital, securities exchange or clearing agencies, insurance companies, public utility companies, accounting firms, tax-exempt organizations as qualified and determined with status by the Internal Revenue Service (i.e., 501c4 organizations), large operating companies and inactive entities) are reporting companies must comply and file by January 1, 2025, Beneficial Ownership Information (BOI) which includes certain personal information for each member, manager, officer and the like of such entities.

15. The CTA specifically regulates "reporting companies", which are defined as follows, in relevant part: A "reporting company" is defined as a corporation, limited liability company,

or similar entity that is (i) created by the filing of the a document with a secretary of state or a similar office under the law of a State or Indian Tribe; or (ii) formed under the law of a foreign country and registered to be business in the United States by the filing of a document with a secretary of state or similar office under the laws of a State or Indian Tribe.  31 U.S.C §5336(a)(11)(A).

16. Under the requirements, a "beneficial owner" of a reporting company, defined as an individual who, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise (i) exercises substantial control over the entity; or owns or controls not less than 25 percent of the ownership interest of the entity.

17. While the intent of the definition appears to require only entities which are formed by registering with a State's Secretary of State Office, the definition also contains reference to language which states "or similar office" but fails to define what is meant by a similar "a similar office" to a State's Secretary of State's Office.

18. A reporting company must provide to FinCEN personal identifying information for all beneficial owners of the entity, which includes their full legal name, date of birth, current residential or business street address, and "unique identifying number from an acceptable identification document," such as an unexpired passport or State-issued identification card or driver's license, or FinCEN-issued identifier number. Id. § 5336(b)(2)(A).

19. For reporting companies that existed before January 1, 2024, an initial Beneficial Ownership Report containing the aforementioned personal information must be filed "not later than 2 years after the effective date of the regulations" that FinCEN is directed to promulgate. Id. § 5336(b)(1)(B).

20. For reporting companies formed between January 1, 2024 and January 1, 2025, an initial Beneficial Ownership Report must be filed with 90 days of formation or registration.

21. For reporting companies formed after January 1, 2025, an initial Beneficial Ownership Report must be filed at the time of formation or registration. Id. § 5336(b)(1)(C).

22. If there are any changes to the reported data—such as if a "beneficial owner" or "applicant" moves their personal residence or gets a new driver's license—the entity must provide updated information to FinCEN no later than 30 days after the date on which the change occurred.

23. Reporting companies that "willfully" fail to comply with the CTA's reporting requirements are subject to a civil penalty of up to $500 per day up to $10,000, two years' imprisonment, or both a fine and confinement. Id. § 5336(h)(1), (3). These penalties apply to individuals, like the individual members of the Board of Trustees, not reporting entities.

24. The Plaintiff Condominium is not an incorporated entity and is not registered with the Secretary of State of the Commonwealth of Massachusetts.

25. Condominium and/or similar community associations are largely dependent on home and unit owners within the communities to serve as volunteer elected members of the Board of Trustees or Board of Managers to oversee the management and operation of the Condominium, which is primarily to manage the common areas of the community and tasks like landscaping, snow removal, swimming pool openings, common hallway and area cleaning and maintenance.

26. A condominium association is a form of ownership where responsibility for the property is shared between the individual owner or member, on the one hand, and an association, trust, or corporation, on the other.

27. The Plaintiffs, like all similar condominium and community associations, are governed as nonprofit organizations.

28. At the outset, they are first led by the developer or declarant and then eventually by a group of volunteer homeowners elected by their fellow homeowners.

29. The elected volunteer homeowners serve free of charge as Trustees, or in the case of similarly situated unincorporated condominium associations, as Managers.

30. These volunteers frequently change as a result of annual elections, voluntary resignations, and a sale of the property.

31. The Plaintiff Condominium Trust and all similarly created condominium entities are organized for the purpose of the collective administration, upkeep, repair and maintenance of the shared and jointly owned common areas of the respective Condominiums.

32. The Plaintiff Condominium Trust is not for profit entities and are not engaged in any trade, commerce or business activities or any interstate commerce activities.

33. Massachusetts Condominium Act, M.G.L. ch. 183A, §§ 1–23) (the Condominium Act or, simply, the Act), governs the establishment and operation of condominiums in Massachusetts.

34. Passed by the Massachusetts Legislature on June 27, 1963, the Condominium Act authorizes and regulates unit ownership with a jointly owned, undivided interest in common areas in both residential and commercial spaces.

35. Creation of a condominium under M.G.L. c.183A requires the filing of a Master Deed with the appropriate Registry of Deeds in the county in which the land is located.  Further, although the declaration of trust for the Lewis Wharf Condominium Trust and all similar condominium trusts are not "formed" or "created" by filing same with the Registry of Deeds, the Declaration of Trust (or Bylaws) is routinely filed with the Registry of Deeds for the purpose of notifying the world of their existence, and appear within their specific chain of titles for the respective properties they pertain to.

36. Ownership of property is recorded at the Registry of Deeds in the county where the property is located.  Chapter 48 of the Acts of 1997 initiated the process of abolishment of some county government offices and the Registry of Deeds in those counties has been administratively placed under the supervision of the Office of the Secretary of the Commonwealth.

37. Upon information and belief, all other Registries are independent.  These independent county registries include at least Norfolk, Worcester, Barnstable, Plymouth, Bristol, Dukes, and Nantucket counties.

38. While several of the county Registry of Deeds in the Commonwealth fell under the supervision of the Massachusetts Secretary of State in or around 1997, no condominium governing documents, including the declaration of trust, created under M.G.L. c.183A are filed with the Secretary of State's office.

39. The Plaintiff Condominium Trust is located in Suffolk County but was also created and recorded before the Secretary of State's Office assumed supervision of the Suffolk County Registry of Deeds.

40. Condominium and/or similar community associations were not explicitly given one of the twenty-three exemptions under the CTA.

41. Although the CTA has noted certain exemptions for compliance with the law, it remains unclear as to whether CTA applies to the Plaintiff Condominium entity nd other similarly situated condominiums created under Chapter 183A.

42. The benefits of the CTA do not justify the burdens it imposes on condominium associations and the numerous and ever-changing volunteer trustees.

43. The beneficial ownership reporting requirements and the financial and criminal penalties volunteer homeowners face dissuade homeowners from the willingness to volunteer and serve their associations.

44. There exists a pending case in controversy as to whether the CTA law applies to Plaintiff Condominium located in Suffolk County, and other similarly situated condominiums created under Chapter 183A, including condominium organizations located in counties under the supervision of the Secretary of State and those located in counties with independent Registries of Deeds.

### CAUSES OF ACTION
### COUNT ONE
### DECLARATORY JUDGMENT

45. The Plaintiffs hereby repeat and re-allege Paragraphs 1-44 as set forth fully herein.

46. There exists an actual controversy among the parties as to Plaintiffs' obligations under the CTA.

47. There exists an actual controversy among the parties as to whether the CTA reporting requirements apply to the Plaintiffs and other similarly situated condominium and/or community association, including those formed in accordance with M.G.L. ch. 183A.

48. There exists an actual controversy among the parties as to whether the CTA reporting requirements apply to the Plaintiffs and other similarly situated condominium and/or community association, including those organizations located in counties under the supervision of the Secretary of State and those located in counties with independent Registries of Deeds.

49. The dispute is subject to adjudication by this Court.

50. A declaratory judgment establishing that the Plaintiffs are not subject to the reporting requirements under the CTA will remove these uncertainties and terminate the controversy.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Honorable Court grant the following relief:

1. Enter a Judgment in favor of the Plaintiffs, including legal fees and costs;

2. Enter a Declaratory Judgment on Count I that the Plaintiffs and all similarly situated and created condominium entities are not subject to the reporting requirements of the Corporate Transparency Act as the Plaintiffs are statutorily created entities as set forth in and governed by M.G.L. ch. 183A;

3. Enter a Declaratory Judgment on Count I that the Plaintiffs and all similarly situated and created condominium entities are not subject to the reporting requirements of the Corporate Transparency Act regardless of whether the county their Registry of Deeds is located

in is supervised by the Secretary of State as the Plaintiffs are statutorily created entities as set forth in and governed by M.G.L. ch. 183A.

    4.    Issue a permanent injunction, enjoining Defendants and any other agency or employee acting on behalf of the United States from enforcing any provision of the CTA against the Plaintiffs are statutorily created entities as set forth in and governed by M.G.L. ch. 183A.

    5.    For further relief as this Court deems just and equitable.

Respectfully submitted,

Plaintiffs,

TRUSTEES OF THE LEWIS WHARF
CONDOMINIUM TRUST,

By their attorneys,

MARCUS, ERRICO, EMMER
& BROOKS, P.C.

/s/ Seth B. Barnett
_____
Seth B. Barnett, Esq., BBO #661497
45 Braintree Hill Office Park, Suite 107
Braintree, MA 02184
(781) 843-5000
sbarnett@meeb.com